UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Michael David Harris,<br>Petitioner<br>v.<br>Jeremy Bean, et al.,<br>Respondents | Case No. 2:26-cv-01483-CDS-MDC<br>**Order Dismissing Petition Without Prejudice for Failure to Exhaust State Remedies or Allege a Cognizable Claim for Release on Parole, Denying All Motions, and Sealing Documents** |

Michael David Harris filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1-1. He also requested release pending hearing of his petition, to extend the prison copywork limit, and filed two motions to expand the record. ECF Nos. 1-1 at 29, 37; 5; 10.

On June 1, 2026, I directed Harris to show cause by June 29, 2026, why this action should not be dismissed for failure to exhaust claims in state court and why Harris's state-law claims should not be dismissed as not cognizable. ECF No. 6. Harris filed a timely response to the order to show cause contending that his petition should not be dismissed based on the doctrines of "unclean hands" and "bad faith," and eleven additional motions. ECF Nos. 8, 9 at 1; 11, 12, 15, 18, 21, 23, 24, 27, 29, and 30.

I deny Harris's motion for recusal, dismiss the petition without prejudice for failure to exhaust state remedies and allege a cognizable claim for release on parole, order documents sealed, deny all other motions and requests as moot, enter judgment, and close this case.

## I. The motion for disqualification or recusal is denied.

Harris had through June 29, 2026, to show cause why his petition should not be dismissed without prejudice. ECF No. 6. Harris timely responded and filed several motions before June 29, 2026. ECF Nos. 7–22. On July 2, 2026, Harris filed an application or motion

requesting disqualification and recusal. ECF No. 23. His request for recusal alleges that I am not impartial due to my failure to act on his petition and motions. *Id.* at 5.

Motions for recusal are governed by 28 U.S.C. §§ 144 and 455. While section 144 "provides a procedure for a party to recuse a judge," "[s]ection 455 imposes an affirmative duty upon judges to recuse themselves." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). If a party files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Under § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman*, 987 F.2d at 626 (quoting *Matter of Yagman*, 796 F.2d 1165, 1179 (9th Cir. 1986) (applying 28 U.S.C. § 455)). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Clemens v. United Staes Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citation omitted).

Harris's motion for disqualification and recusal is denied because he failed to file an affidavit as required by 28 U.S.C. § 144. Moreover, because no reasonable person with knowledge of all the facts would conclude my impartiality might reasonably be questioned based on a failure to act on his petition and motions only a few days after Harris's deadline to submit responses to the order to show cause, Harris's allegations are insufficient and wholly unsubstantiated. *See Yagman*, 987 F.2d at 626. I therefore deny Harris's motion for disqualification and recusal.

## II. The petition is dismissed for failure to exhaust and noncognizability.

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *See Hendricks*

*v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). A court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

A federal habeas court may not grant a state prisoner's petition for habeas relief until the prisoner has exhausted available state remedies for all claims raised. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 522 (1982). To exhaust federal claims in the state courts, a state prisoner must "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts" and must do so "by invoking one complete round of the State's established appellate or collateral review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003). The claim presented to the state courts must be the substantial equivalent of the claim presented to the federal court. *See Picard v. Connor*, 404 U.S. 270, 278 (1971). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Harris's petition challenges his 2024 judgment of conviction entered by the Eighth Judicial District Court in Clark County, Nevada, in Case No. C-24-383020-1.[1] ECF No. 1-1 at 2. The docket reflects a jury convicted Harris of stalking and violating an extended protective order. On December 2, 2024, he was sentenced to 6 months in the Clark County Detention Center plus 19 to 60 months imprisonment. Judgment was entered on December 4, 2024.

The petition alleges, among other things, that Harris's former trial attorney was living in Oklahoma at the time of the offenses, and that he was convicted in violation of the federal constitution because (1) police lacked probable cause to arrest him because he sent an email attempting to obtain from his ex-wife separate property that belonged to him; (2) he was held in custody for three days in violation of NRS 217.123; (3) the State lacked jurisdiction to charge him

[1] I take judicial notice of the docket for Clark County Case No. C-24-383020-1, available at https://www.clarkcountycourts.us.

with the offenses; (4) he was forcibly removed from proceedings when he attempted to represent himself; (5) he was remanded to custody without a hearing, evidence, grounds, authority, notice, opportunity to be heard, and jurisdiction; (6) his trial counsel failed to meet with him before trial, failed to investigate and call witnesses, was admittedly unprepared for trial, and acted as an agent of the prosecutor; (7) the convictions are based on activity protected by the First Amendment; (8) he was ordered released on parole on December 9, 2025, but unlawfully remains in custody; and (9) he is unlawfully prevented from representing himself for appeal in violation of his right of self-representation. ECF No. 1-1 at 3–7.

Harris's response to my order to show cause requests this action be permitted to proceed and alleges that he has been prevented from paying the filing fee for this action by state actors, he has been mistreated in the prison, his custody is unlawful, he will seek damages, reiterates his arguments that his state court conviction and sentence are unconstitutional and were obtained in "bad faith" and with "unclean hands," and reiterates his request for release. ECF No. 9 at 1–22.

Harris's response to the order to show cause contends that he need not exhaust his claims because his convictions were obtained in bad faith and with unclean hands. *Id.* at 1, 4. The bad faith exception to the exhaustion requirement applies only in the context of abstention from hearing pre-conviction claims. *See, e.g.*, *Perez v. Ledesma*, 401 U.S. 82, 83–85 (1971) (stating a defendant is free to present federal constitutional claims concerning arrest and seizure of materials or other matters to the state courts in the manner permitted in that State, and, "only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate" for purposes of a federal court's intervention in the administration of a State's criminal laws) (citing *Younger v. Harris*, 401 U.S. 37 (1971); *Ex parte Young*, 209 U.S. 123 (1908)).

I note that Congress did not provide for an exception to the statutory exhaustion requirements of § 2254(b) and (c) based upon alleged bad faith where a petitioner has "the right under the law of the State to raise, by any available procedure, the question presented." Moreover, the Supreme Court has stated, that, "[i]f a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he **may not** bypass the state courts simply because he thinks they will be unsympathetic to the claim." *Engle v. Isaac*, 456 U.S. 107, 130 (1982) (emphasis added). Harris cites no Ninth Circuit authority holding that the bad faith exception to the exhaustion requirement excuses the failure to raise claims in state court for purposes of exhaustion under 28 U.S.C. § 2254, and I have found none.

The Nevada appellate court records confirm Harris's state direct appeal is still pending.[2] To the extent Harris raises in his federal petition any of the same claims raised in the state direct appeal, he has not yet exhausted the claims in the state courts. Similarly, to the extent he has failed to raise claims in his state direct appeal that he now raises in his federal petition, Harris has not demonstrated exhaustion. To the extent Harris raises in his federal petition any claims of ineffective assistance of trial or appellate counsel or claims that he may properly raise in a state postconviction petition, the state record shows he has not filed a state petition for post-conviction relief. *See, e.g.*, NRS 34.726(1) (stating "[a] petition that challenges the validity of a judgment of conviction or sentence must be filed within 1 year after entry of the judgment of conviction or, if an appeal has been taken from the judgment, within 1 year after the appellate court of competent jurisdiction pursuant to the rules fixed by the Supreme Court pursuant to Section 4 of Article 6 of the Nevada Constitution issues its remittitur."). Finally, as for Harris's claim that he is held in custody beyond his parole release date, his documents do not suggest that he has ever, in fact, been granted a parole release date, and even if he were to present evidence that he was previously granted a parole release date, the claim that he is held beyond

[2] I take judicial notice of the Nevada appellate court online docket records, available at https://nvcourts.gov.

that date is not cognizable for federal habeas corpus relief as he has no liberty interest in parole, meaning he fails to otherwise allege a viable deprivation of one or more federal rights. *See Moor v. Palmer*, 603 F.3d 658, 662–63 (9th Cir. 2010) (explaining that a Nevada prisoner does not have a constitutionally protected liberty interest in being released on parole).

In sum, Harris has failed to establish exhaustion of any of the claims in his petition, the state record shows he has exhausted no claims at all in the state courts, and the record shows that Harris still has state remedies available to him. *See* 28 U.S.C. § 2254(c). Accordingly, I dismiss this action without prejudice. Harris may refile his federal habeas petition under 28 U.S.C. § 2254 after he has exhausted state remedies for his claims in state court.

**III. Unredacted documents will be sealed.**

Harris has filed documents that include visible personal identifiers, such as social security numbers, dates of birth, home addresses, financial account numbers, and the names of minors. ECF Nos. 9; 9-1. As such, those documents fail to comply with the redaction requirements of the Local Rules of Practice. *See* LR IC 6-1. Redaction means such information may only be filed if necessary and must be blacked out or covered on the documents so that such information is not readable on the documents filed with the court. If it is necessary to include a social security number, only the last four digits should be visible. LR IC 6-1(a)(1). If the involvement of a minor child must be mentioned, only the child's initials should be visible. *Id.* at 6-1(a)(2). If an individual's date of birth must be included, only the year should be visible. *Id.* at 6-1(a)(3). If financial account numbers must be included, only the last four digits of these numbers should be visible. *Id.* at 6-1(a)(4). And if a home address must be included, only the city and state should be visible. *Id.* at 6-1(a)(5).

In accordance with the requirements of *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006), I conclude compelling reasons exist that outweigh the public's interest in access to judicial records such that Harris's unredacted filings must be sealed. I will therefore direct the clerk of court to seal ECF Nos. 9 and 9-1. Because I dismiss this action

without prejudice, Harris is advised that, should he file a timely petition following the conclusion of his state court proceedings, he must comply with the local rules of this district, including the redaction rules of Local Rule IC 6-1.

## IV. Conclusion

IT IS HEREBY ORDERED that Michael David Harris's petition for a writ of habeas corpus **[ECF No. 1-1] is dismissed without prejudice** for failure to exhaust state remedies.

IT IS FURTHER ORDERED that the clerk of court must seal the responses to the order to show cause [ECF Nos. 9; 9-1].

IT IS FURTHER ORDERED that the following motions/requests are **denied as moot**: (1) request for release pending hearing on petition for habeas corpus under Rule 14.2 **[ECF No. 1-1 at 29]**; (2) motions to expand the record **[ECF Nos. 5, 10]**; (3) motion for a writ of mandamus **[ECF No. 8]**; (4) motion to consolidate **[ECF No. 11]**; motion for preliminary injunction **[ECF No. 12]**; (5) motion to submit amicus curae brief **[ECF No. 15]**; (6) motion for summary judgment **[ECF No. 18]** and proposed findings of fact and conclusion of law [ECF No. 28]; motion for default judgment **[ECF No. 21]**; (7) motion for writ of mandamus **[ECF No. 24]**; (8) motion for order of contempt for Jeremy Bean and/or sanctions **[ECF No. 27]**; (9) motion to compel **[ECF No. 29]**; and (10) motion to change venue **[ECF No. 30]**.

IT IS FURTHER ORDERED that the application and motion in the alternative for disqualification and recusal, transfer of venue and/or issuance of judgment **[ECF No. 23] is denied** as to the motion for disqualification and recusal, with the remainder of the motion **denied as moot**.

IT IS FURTHER ORDERED that, to the extent necessary, a certificate of appealability is denied because jurists of reason would not find debatable whether the court is correct in dismissing this action without prejudice for failure to exhaust state remedies.

The clerk of court is kindly directed to enter judgment accordingly and to close this case.

Dated: August 18, 2026

_______________________________
Cristina D. Silva
United States District Judge